## ORPHANS' COURT OF BALTIMORE CITY

Filed March 12, 1894.

IN THE MATTER OF THE ESTATE
OF VALENTINE LUTZ,
DECEASED.

*Louis Hochheimer* for petitioner.

*F. C. Slingluff* and *Wm. T. Donaldson* against the petitioner.

LINDSAY, GANS AND EDWARDS, JJ.—

The simple question presented for the decision of the Court, in this case, is: Can John H. Lutz, petitioner, having had the legal right to administer his father's estate, after filing in this Court a written renunciation of said right, be permitted to withdraw that renunciation and now to enter upon the trust which he had formerly rejected?

The point is a narrow one and may, in a few words, be properly decided.

That one renouncing may, under certain circumstances, take back his renunciation and enter upon the trust as if it had never been made, has been very earnestly contended in a lengthy and ingenious argument by the counsel for the petitioner in this case.

The main circumstance furnishing, as it is claimed, the ground and justification for so doing in this case, is the fact that the letters of administration previously granted to George W. Lutz and John B. McGraw, in favor of whose continuance in the office of administrators, and on this condition, the renunciation was made by John H. Lutz, had been revoked, which, it was contended, had the effect of putting the whole matter in *statu quo*, and among other things, to give back to John H. Lutz the right which he once had to administer the estate of his father.

We, however, after carefully reviewing the facts and authorities, are not able to see it in this light.

The Court of Appeals has frequently decided (and the decisions are generally well-known) that no person having the legal right to administer an estate has for that reason, also the right to transfer that right to any other person or persons; that it cannot be delegated. It is a right for him who has it which he is not bound to accept, but which in rejecting he cannot give to another. All that he has power to do is to reject it for himself—the law will determine to whom else it will go. He cannot, therefore, renounce this right *conditionally*, that is to say, provided it shall then either go to persons already appointed, or become by this means legalized in them, or to persons to be appointed when he by this means shall have gotten out of the way. Therefore, the mere fact that the Orphans' Court revoked the letters for whose continuance John H. Lutz renounced his right cannot in any way effect the *nature* of his renunciation so far as its binding character is concerned, as he had no power to make such condition. He had to do only with the legal effect of the renunciation upon himself; that is all; and as to its effect beyond himself he had nothing whatever to do. This circumstance could, therefore, in the nature of the case, form no exception to the otherwise invariably absolute nature of the renunciation of administration.

But it is still contended that while this may be true as respects the absence of power in the person renouncing to give the right to others, or to make this a condition of its return to him by his renunciation of it, it is different in his own case, or when he seeks its restoration to himself for himself.

The Court of Appeals is no less clear and decided as to this point. The

Court substantially says that the right to administrator by renunciation, not only goes out of one, but at the same time by the law's silent operation, goes into another, and that it is just as sacred in the latter as in the former, and ought to be and must be just as sacredly protected. No conditions can be made upon the ground of which the first can claim of the second the surrender of the right which the one rejected and the other accepted, and no Court will enforce such a demand. The transaction is *absolute*, and consequently, *irrevocable.* Therefore, except for fraud or mistake of facts, neither of which the Court can find in this case, there is, in our opinion, no power in law to restore the right to John H. Lutz to administer his father's estate, he having refused once in regular form to assume that trust.

Though we might refer to many authorities to support the position we here take, we think this to be unnecessary. We will cite only two, viz: Section 38, Article 93 of Code, and Stocksdale and wife vs. Conroy, 14 Md. 99.

Wherefore it is ordered this 9th day of March, 1894, that the petition be and hereby is dismissed with costs.